# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **JOSE GUADALUPE SOTO VILLAFUERTE**; and **JORDIN TAYLOR SOTO,** | Case No.: |
| Plaintiffs, | Hon. |
| v. | |
| **ANTONY J. BLINKEN, SECRETARY OF STATE; KEN SALAZAR, U.S. AMBASSADOR TO MEXICO; ERIC S. COHAN, CONSUL GENERAL OF THE U.S. IN CIUDAD JUAREZ; U.S. DEPARTMENT OF STATE; NATIONAL VISA CENTER; U.S. EMBASSY IN MEXICO; and U.S. CONSULATE IN CIUDAD JUAREZ,** | PLAINTIFFS' COMPLAINT FOR MANDAMUS RELIEF |
| Defendants. | |

_____

## INTRODUCTION

1) Plaintiffs Jose Guadalupe Soto Villafuerte (herein "Mr. Soto") and Jordin Taylor Soto (herein "Mrs. Soto") bring this mandamus action to compel Defendants to complete the adjudication of Mr. Soto's immigrant visa application.

## JURISDICTION AND VENUE

2) This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1346(a)(2) in that the matter in controversy arises under the laws of the United States and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act; 5 U.S.C. § 702, the Administrative Procedures Act; and 28

U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

3) Venue is proper under 28 U.S.C. § 1391(e)(1) because this is a civil action in which Defendants are national agencies and officers or employees of national agencies, because a substantial part of the events giving rise to the claim occurred in this district, because Plaintiffs reside in this judicial district and there is no real property involved in this action, and because Defendants operate within this district.

## PARTIES

4) Plaintiff Mr. Soto is a citizen of Mexico and an applicant for an immigrant visa. He lived in Sturgis, Michigan from May 1999 (i.e. since the age of 4) until May 9, 2021 when he departed for Mexico as explained in more detail below. His wife (Mrs. Soto) and children continue to reside in Sturgis, Michigan and at all times Mr. Soto has had an unwavering intention to return to Sturgis, Michigan as soon as possible.

5) Plaintiff Mrs. Soto is a citizen of the United States that at all relevant times resided and continues to reside in Sturgis, Michigan.

6) Defendant Antony J. Blinken is the Secretary of State of the United States and is sued in his official capacity only. Defendant Blinken is, among other duties, charged with the administration of the U.S. Department of State ("DOS") and implementing the Immigration and Nationality Act.

7) Defendant Ken Salazar is the United States Ambassador to Mexico and is sued in his official capacity only. As Ambassador, Defendant Salazar oversees all other employees and agents of the U.S. Embassy & Consulates in Mexico.

8) Defendant Eric S. Cohan is the Consul General of the United States in Ciudad Juarez and is sued in his official capacity only. As Consul General, Defendant Cohan oversees all other employees and agents of the U.S. Consulate in Ciudad Juarez.

9) Defendant DOS, among other duties, adjudicates immigrant visa applications. DOS operates within this district with headquarters in Washington, D.C.

10) Defendant National Visa Center ("NVC") is the component of DOS that does the initial processing of immigrant visa applications.

11) Defendant U.S. Embassy in Mexico is the component of DOS that completes processing of immigrant visa applications for applicants such as Mr. Soto that will have their immigrant visa interviews in Mexico.

12) Defendant U.S. Consulate in Ciudad Juarez is the consular office where all immigrant visa interviews take place for applicants such as Mr. Soto that will have their immigrant visa interviews in Mexico.

## FACTUAL ALLEGATIONS

13) Plaintiffs incorporate by reference the preceding paragraphs as though set forth fully herein.

14) Plaintiffs were last before this Court as Plaintiffs in case no. 1:21-cv-00196, a lawsuit under the Freedom of Information Act filed on February 26, 2021, assigned to Chief

Judge Jonker and resolved on March 28, 2021 by voluntary dismissal based on Defendants having furnished the records sought.

15) At the time of that action (and still today), Mr. Soto was the husband of Mrs. Soto and the beneficiary of an approved immigrant visa petition filed by her for him.

16) Plaintiffs filed the prior action because they needed to know how long Mr. Soto would need to wait in Mexico before he could receive his immigrant visa and return to his wife and children as a lawful permanent resident. Specifically, Plaintiffs needed to know whether Mr. Soto was subject to the "permanent bar" at 8 U.S.C. § 1182(a)(9)(C)(i) which, if so, would cause him to be ineligible to return to the USA for at least 10 years. PageID.4.

17) The need for the information was urgent as, if he did not leave the United States in May 2021, Mr. Soto would become subject to another ground of "inadmissibility", 8 U.S.C. § 1182(a)(9)(B)(i)(I), known colloquially as the "three-year bar".

18) Fortunately, after filing the prior lawsuit, the government provided the necessary information and it indicated that Mr. Soto was not subject to the permanent bar.

19) It appearing that Mr. Soto would not be subject to any ground of inadmissibility if he departed the United States in May 2021, per his counsel's advice, Mr. Soto got on a flight from Houston, Texas to Morelia, Mexico on the evening of Sunday, May 9, 2021.

20) The expectation at the time of his departure was that he would soon be able to get an interview at the U.S. Consulate in Ciudad Juarez and, after receiving his immigrant visa, he would be able to promptly return to his wife and two young children - that he would soon be back home in the only home he has ever known: Sturgis, Michigan.

21) Unfortunately for Plaintiffs the federal government decided to use the Covid-19 pandemic as an excuse to shut down the legal immigration system.

22) An election occurred, the way the federal government talks about immigration and immigrants changed, vaccines were developed and became widely available but, nonetheless, Defendants have continued their de facto shutdown of the legal immigration system[1] in gross violation of their obligations under 5 U.S.C. § 555(b) to adjudicate immigrant visa applications "with due regard for the convenience and necessity of the parties… and within a reasonable time."

23) On March 13, 2021, Defendant NVC informed Plaintiffs in a message that "all required applicant documents have been received and approved" and that Mr. Soto was "documentarily qualified". In other words, the government had received everything that was necessary for the NVC to complete its initial processing and forward the case for interview to the U.S. Consulate in Ciudad Juarez.

24) It is now, April 1, 2022 (nearly 13 months later) and, still, the NVC has not forwarded Mr. Soto's immigrant visa application to Ciudad Juarez. It remains before the NVC. It appears Defendants have taken no action whatsoever on this matter in more than a year.

---

[1] There are over 430,000 victims of this de facto shutdown. See https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/visas-backlog.html (Last accessed on April 1, 2022). While Mr. Soto is far from alone in his predicament, "the average adjudication time says little about the unreasonableness of [the government's] delay in Plaintiffs' case; this number also does not alter how most (if not all)… adjudications might be unreasonably delayed. We Find it unhelpful to fixate on the average snail's pace when comparing snails against snails in a snails' race." *Barrios Garcia v. US Dept of Homeland Security*, 14 F.4th 462, 488 (6th Cir. 2021).

25) During the pandemic the government has had a "flexibility" policy allowing for an extra 60 days to respond to various immigration related requests for evidence and notices.[2] This extra 60 day "flexibility" was terminated recently. *Id*. "If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them." *Niz-Chavez v. Garland*, 141 S.Ct. 1472, 1486 (2021). In other words, if an extra 60 days flexibility is no longer justified for immigrants, Defendants cannot continue their indefinite delay based on covid-19. What's sauce for the goose is sauce for the gander.

26) Consular officers at US consulates such as the one in Ciudad Juarez have had access to covid-19 vaccines for a lengthy period now.

27) Effective October 1, 2021 all immigrant visa applicants must receive a full covid-19 vaccine series.[3] As such, visa applicants such as Mr. Soto attending visa interviews will be fully vaccinated at the time of their interview.

28) A federal government agency is obligated to conclude a matter presented to it "within a reasonable time". 5 U.S.C. § 555(b).

---

[2] https://www.uscis.gov/newsroom/alerts/uscis-extends-flexibility-for-responding-to-agency-requests-0 (Last accessed on April 1, 2022).
[3] https://travel.state.gov/content/travel/en/News/visas-news/changes-to-vaccination-requirements-for-immigrant-visa-applicants.html (Last accessed on April 1, 2022). Note: Plaintiffs do not challenge this or any other covid-19 related safety protocol. Their only challenge is to Defendants' using covid-19 as a continuing pretext to de facto shutdown the legal immigration system and thus perpetuate an indefinite separation of their family.

29) Such obligation is applicable to visa applications. See e.g. *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry*, 168 F.Supp.3d 268 (D.D.C. 2016); *Patel v. Reno*, 134 F.3d. 929, 932-33 (9th Cir. 1997).

30) "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

31) Congress intended 8 U.S.C. § 1182(a)(9)(B)(i)(I) (the three-year bar) to be a punishment for accruing unlawful presence in the United States. It would be an absurdity and contrary to congressional intent if persons such as Mr. Soto suffered a similar punishment despite leaving the country before accruing the unlawful presence that would trigger 8 U.S.C. § 1182(a)(9)(B)(i)(I).

32) Defendants must consider the "necessity" of persons such as Plaintiffs. 5 U.S.C. § 555(b).

33) Every additional day that Mr. Soto must wait for his interview is another day that he and his family remain separated.

34) Every additional day that Mr. Soto must wait for his interview is another day that he remains at risk of being a victim of rampant violence in Mexico. On Sunday, 20 were massacred in the town where he is currently staying.[4]

---

[4] https://www.reuters.com/world/americas/gunmen-kill-19-people-party-mexico-more-injured-2022-03-28/ (Last accessed on April 1, 2022).

## COUNT I - ADMINISTRATIVE PROCEDURES ACT

35) Plaintiffs incorporate by reference the preceding paragraphs as though set forth fully herein.

36) Defendants' failure to adjudicate Mr. Soto's immigrant visa application constitutes an unreasonable delay and failure to act in violation of the Administrative Procedures Act, 5 U.S.C. §§ 555(b) and 706(1).

37) Plaintiffs have a clear right to the relief requested.

38) Defendants have a clear duty pursuant to the Immigration and Nationality Act to adjudicate Mr. Soto's immigrant visa application and there is no other adequate remedy available.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that this Court grant the following relief:

(A) Order Defendants to schedule Mr. Soto's immigrant visa interview and promptly complete the adjudication of the case;

(B) Retain jurisdiction during the adjudication of the immigrant vis application in order to ensure compliance with the Court's orders;

(C) Award reasonable costs and attorney fees; and

(D) Grant such further relief as the Court deems just and proper.

Dated: April 1, 2022          Respectfully Submitted,

/s/ Marc Asch (P75499)
The Law Office of Marc Asch
137 N. Park St., Suite 201B

Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiffs